# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2020

Lyle W. Cayce
Clerk

No. 18-60770
CONSOLIDATED WITH
No. 19-60395
Summary Calendar

---

Pappy Katembo Katembo,

*Petitioner*,

*versus*

William P. Barr, U.S. Attorney General,

*Respondent*.

---

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A212 978 911

---

Before Davis, Stewart, and Dennis, *Circuit Judges.*

Per Curiam:[*]

    Pappy Katembo, a native and citizen of the Democratic Republic of Congo (DRC), petitions this court for review of the denial of his application

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60770
c/w No. 19-60395

for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He argues (1) the immigration judge (IJ) erred in holding he did not show that he suffered persecution on account of his actual or imputed political opinion; (2) the IJ and Board of Immigration Appeals (BIA) erred in failing to analyze whether he was persecuted on account of his membership in a particular social group, people who worked for National Independent Electoral Commission (CENI) during the 2011 election cycle; (3) the IJ applied the wrong legal standard and mischaracterized evidence when considering whether the government was unwilling or unable to control the persons who persecuted him; and (4) the BIA abused its discretion in denying his motion to reopen. We must deny the petition, for the following reasons.

First, regardless of whether or not Katembo could show that the harm he suffered rose to the level of persecution, *see Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017), he has not shown that the evidence compels the finding that he suffered persecution on account of his actual or imputed political opinion. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 227-28 (5th Cir. 2019). Katembo testified that he thought the perpetrators who attacked him were working for a politician who lost the election, but the IJ found (and the BIA agreed) that he did not adequately show that the threats and attacks he suffered were related or that the perpetrators were motivated by his actual or imputed political beliefs. *See Sharma v. Holder*, 729 F.3d 407, 412-13 (5th Cir. 2013). Rather, the IJ found Katembo was targeted because of his occupation as an election worker.

Next, although Katembo testified at his hearing that he was targeted because of his work with CENI, the IJ determined based on his asylum application that he was seeking relief because of his political opinion. The BIA ruled that Katembo attempted to articulate a particular social group for the first time on appeal. Because Katembo did not expressly seek relief based on his membership in a particular social group before the IJ, the BIA did not

No. 18-60770

c/w No. 19-60395

err in holding that the issue was not properly before it. *See Eduard v. Ashcroft*, 379 F.3d 182, 195 n.14 (5th Cir. 2004). Therefore, Katembo did not exhaust his administrative remedies as to this issue. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009). This court does not have jurisdiction to consider an issue that is unexhausted. *See id.* at 320-21.

Third, Katembo testified that he feared persecution by a losing politician and his followers, not by a government official. He had the burden to show that the government sanctioned his persecution or is unable or unwilling to control his persecutors. *Gonzalez-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019); *see Tamara-Gomez v. Gonzalez*, 447 F.3d 343, 350-51 (5th Cir. 2006). Katembo testified that on one occasion the police intervened, causing the perpetrators to flee, but that the police declined to engage further when they found out the victims of the attack were CENI workers. Katembo also testified that he did not report any other incidents to the police. The IJ found Katembo did not carry his burden, and he has not shown that the evidence compels the finding that he was persecuted or would be tortured with the acquiescence of government officials if removed to his home country. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015).

Finally, Katembo has not shown that the BIA abused its discretion in denying his motion to reopen. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The BIA was not required to accept all of his assertions as true. *See INS v. Abudu*, 485 U.S. 94, 109-10 (1988). It did not err in finding that the 2017 country report was largely cumulative evidence as the 2016 and 2017 reports both stated rebel and militia groups (RMGs) killed and abducted numerous persons for various reasons. Although the 2017 report stated several CENI officials had been killed by an RMG, it did not state that politicians who lost the election targeted CENI officials based on their political opinion. The BIA did not abuse its discretion in finding the letter written by Katembo's friend was entitled to little evidentiary weight because

3

No. 18-60770
c/w No. 19-60395

it was not based on firsthand knowledge, it was written in support of Katembo's motion, and the writer was not available for cross-examination. *See Matter of H–L–H & Z–Y–Z–*, 25 I. & N. Dec. 209, 215 (BIA 2010), *abrogated on other grounds by Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Further, the letter did not identify who was responsible for the alleged recent attack and did not show that the attack was related to Katembo's CENI work or his political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). Therefore, the BIA did not abuse its discretion in denying Katembo's motion to reopen on the basis that he did not establish a prima facie case for asylum, withholding of removal, or CAT relief. *See Gomez-Palacios*, 560 F.3d at 358.

PETITIONS FOR REVIEW DENIED.